No. 4804.

LEBERMAN & Co. vs. NEW ORLEANS, FLORIDA, AND HAVANA STEAMSHIP COMPANY ET AL.

An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises he may bring his action.

The defendants' counsel in this case properly say that plaintiffs come into court suing and appearing for the benefit of whom it may concern; they do not allege that defendants have caused them damage, but allege at the same time that they have sued their consignees, Smith & McKenna, for the value of the soap shipped to them. If Smith & McKenna are liable for the full value of the soap, notwithstanding the damage, then the loss resulting from such damage must fall upon Smith & McKenna, and plaintiffs, by their own allegations having no interest in it, have no right of action for its recovery.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Hornor & Benedict,* for plaintiffs and appellants. *Leovy & Monroe,* for defendants and appellees.

TALIAFERRO, J. In November, 1871, the plaintiffs, it appears, shipped from Philadelphia to New Orleans one thousand boxes of soap consigned to Smith & McKenna, who refused to receive it on account of its being in a damaged condition. The plaintiffs have sued Smith & McKenna for the price of the soap, and that suit is now pending. They allege in this suit (No. 38,422 of the docket of the Fourth District Court) that the defendants, the steamship company, are responsible for the value of the soap, and for all damages incurred by any party interested, and that the damages now amount to more than one thousand dollars, and that it is necessary to institute this suit to interrupt the prescription of one year. The plaintiffs therefore pray that after due proceedings had the steam-

ship company be condemned to pay the plaintiffs, Leberman & Co., for the use of whom it may concern, the sum of thirty-three hundred dollars, with interest from the ninth of November, 1871, being the value of the soap, and the further sum of one thousand dollars as special damages for storage, counsel fees, costs of court, etc.

To this petition the defendants filed the following exceptions:

First—That plaintiffs are not authorized to sue and can not legally sue for whom it may concern.

Second—That they allege no interest in the suit and ask no judgment in their favor.

Third—That they set forth in their petition that in their own suit against Smith & McKenna they have alleged that Smith & McKenna are responsible to them for any damage that may have been incurred.

Fourth—That plaintiffs have set forth no cause of action in this suit.

The exceptions were sustained and the suit dismissed. Plaintiffs have appealed.

We find no error in the judgment.

"An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises he may bring his action." C. P., article 15.

The defendants' counsel properly say: "The plaintiffs come into court suing and appearing for the benefit of whom it may concern; they do not allege that defendants have caused them damage, alleging at the same time that they have sued their consignees for the value of the soap. If Smith & McKenna are liable to them for the full value of the soap, notwithstanding the damage, then the loss resulting from such damage must fall upon Smith & McKenna, and plaintiffs by their own allegations having no interest in it, have no right of action for its recovery."

Judgment affirmed.